UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No: 12 B 48247 |
| JESUS ENRIQUE BATISTA-SANECHEZ | ) | Chapter: 11 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |

## MEMORANDUM OPINION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SUNTRUST MORTGAGE, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

The Debtor filed for bankruptcy relief under chapter 11. Motion for Relief from Automatic Stay was filed by SunTrust Mortgage, Inc. ("SunTrust") pursuant to 11 U.S.C. § 362(d) [Docket No. 33]. The parties filed trial briefs, proposed findings of fact and conclusions of law, and a joint pre-trial statement containing their stipulated facts and exhibits. Trial was held on the issues presented. There was admitted into evidence stipulated facts, SunTrust's stipulated exhibits A, B and C, and Debtor's stipulated exhibits 1 through 14. No witnesses were called to testify. Both sides rested after presentation of stipulated facts and documents, and then counsel argued. For reasons set forth below, the automatic stay will remain in effect until the Plan Confirmation hearing, at which time the court will finally rule on SunTrust's motion for relief from stay. The following Findings of Fact and Conclusions of Law are now made and entered.

## FINDINGS OF FACT

### A. The Property

On December 11, 2006, Maritza De Jesus ("De Jesus"), the Debtor's non-filing spouse, purchased certain real property commonly referred to as Lot 959, Keene's Point, Windermere, Florida (the "Property"). (Ex. A) De Jesus executed and delivered to SunTrust a balloon note

1

(the "Note") payable to SunTrust in the principal amount of $280,250.00. (Ex. B) To secure payment of the Note, De Jesus executed and delivered to SunTrust a mortgage on the Property, which was recorded with the Orange County Comptroller on December 21, 2006 as document number 20060826471. (Ex. C) The Debtor has no liability on the Note because he did not sign the Note, and because he obtained a chapter 7 discharge in bankruptcy case number 08-08519 filed in the Middle District of Florida (Orlando) on January 19, 2009. (Joint Pre-Trial Statement, Dkt. No. 95, ¶ 5) (hereinafter "Jt. Stip.")

At the time the Property was acquired, the Debtor and De Jesus were legally married and have remained married. (*Id.*, ¶ 7) The check used to fund the down-payment of the purchase of the Property was drafted from a bank account owned jointly by Debtor and De Jesus and that account constituted "marital funds." (*Id.*, ¶ 8)

The Property is a vacant lot. (*Id.*, ¶ 2) It was purchased with the intent to build thereon a primary residence for the Debtor and his wife. (*Id.*) De Jesus defaulted under the Note and on August 7, 2008, SunTrust initiated a foreclosure action against the Debtor and De Jesus in the County Court of Orange County, Florida in a case styled *SunTrust Mortgage, Inc. v. Maritza De Jesus and the Unknown Spouse of Maritza De Jesus, a/k/a Jesus E. Batista*, Case No. 2008-CA-019531. (Debtor's Proposed Findings of Fact and Conclusions of Law, Dkt. No. 103)

On December 7, 2012, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. On January 30, 2013, SunTrust filed a motion to lift the automatic stay (the "Motion").[1] SunTrust seeks stay relief under § 362(d)(1) of the Bankruptcy Code or, alternatively, § 362(d)(2), alleging that SunTrust is not adequately protected, there is no equity in

---

[1] The Motion was originally brought by SunTrust Bank, Inc. The Debtor challenged movant's standing to file the Motion because the promissory note and mortgage documents attached to the Motion name SunTrust Mortgage, Inc. as the secured party. On February 12, 2013, the court granted SunTrust's unopposed oral motion to substitute SunTrust as movant for SunTrust Bank, Inc. [Docket No. 51] The parties have also stipulated that SunTrust has standing to prosecute the Motion. (Jt. Stip., ¶ 1) The issue of SunTrust's standing is therefore moot.

2

the Property and the Property is not necessary to an effective reorganization. De Jesus has submitted an affidavit in this case in support of the Debtor's opposition to the motion for stay relief, thereby consenting to this court's adjudication of her and her husband's relative rights with respect to the Property. (Ex. 11)

**B. Value of the Property**

The Debtor and SunTrust each rely on the appraised valuations of the Property made by the Orange County Property Appraiser's Office in the last five years, which were as follows:

| Year | Value |
| --- | --- |
| 2009 | $215,000.00 |
| 2010 | $180,000.00 |
| 2011 | $210,000.00 |
| 2012 | $210,000.00 |
| 2013 | $210,000.00 |

(Jt. Stip., ¶ 6; Ex. 7) Neither party has introduced any independent evidence with respect to valuation of the Property. While appraisals for tax action purposes do not generally prove market values, in this case they show that value of the Property has remained approximately constant for the past five years, and is not depreciating.

**C. Debtor's Plan of Reorganization**

On March 25, 2013, the Debtor filed a proposed Plan of Reorganization and the accompanying Disclosure Statement. (Exs. 13 and 14, respectively) The Plan provides that the Debtor will retain the Property, and it bifurcates SunTrust's claim into secured and unsecured portions pursuant to § 506 of the Bankruptcy Code. (Ex. 13) The Plan projects that SunTrust will receive a 100% distribution on account of its secured claim, which the Debtor values at $180,000, through payment of principal and interest over 84 months, with a payment of any principal balance remaining on or before the 84th month. (*Id.*) The Debtor proposes to fund the Plan through his available cash reserves and future cash flow from his wholly owned law practice, the Batista Law Group, PSC. (Ex. 14) The Debtor has also obtained a funding

commitment from his mother, Socorro Sanchez Garcia, who has pledged the balance of her financial sources to the Debtor "in the amount necessary" for his "funding in the reorganization of his debts." (Ex. 6)

Additional facts stated in the Conclusions of Law will comprise additional Findings of Fact.

## CONCLUSIONS OF LAW

### A. Jurisdiction

Jurisdiction lies over this proceeding under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the District Court for the Northern District of Illinois. This matter concerns a motion to terminate, annul or modify the automatic stay and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### B. Debtor Has an Ownership Interest in the Property and the Property Is Part of Debtor's Bankruptcy Estate

The commencement of a bankruptcy case creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Whether a debtor has a legal or equitable interest in property, however, is determined by applicable state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). Since the question in this case concerns the relative rights of a debtor in bankruptcy and the debtor's non-debtor spouse to particular property, applicable state law on marital property must be consulted. *See In re Okon*, 310 B.R. 603, 607 (Bankr. N.D. Ill. 2004) (noting that the Illinois Marriage and Dissolution of Marriage Act would determine whether the property at issue was marital property and therefore part of debtor's bankruptcy estate). Mortgage lenders should reasonably expect that a borrower's interest in collateral may be affected by the borrower's marital status under state law. *See In re Flores*, 345 B.R. 615, 618 (Bankr. N.D. Ill. 2006) (observing that under Illinois law, a debtor's home would be marital

4

property regardless of in whose name the title is held if the debtor spouse was married to her non-debtor spouse at the time that he acquired the property).

The parties here rely on Florida law with respect to the issue of whether the Property constitutes marital property, although SunTrust's trial brief also references Illinois law. Under Florida law, a "marital asset" includes "[a]ssets acquired…during the marriage, individually by either spouse or jointly by them." Fla. Stat. § 61.075(6)(a)(1); *see also Colwell v. Royal Int'l Trading Corp.*, 226 B.R. 714, 719-20 (Bankr. S.D. Fla. 1998). Once property is found to be a "marital asset," there is a presumption that it should be divided equally between the spouses. Fla. Stat. § 61.075(1) ("[I]n distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal…."); *see also Crews v. Lankry (In re Lankry)*, 263 B.R. 638, 643 (Bankr. M.D. Fla. 2001). Similarly, under the Illinois Marriage and Dissolution of Marriage Act, "marital property" generally consists of "all property acquired by either spouse subsequent to the marriage." 750 ILCS 5/503(a); *see also In re Okon*, 310 B.R. at 607.

Here, SunTrust concedes that the Property was acquired with marital funds while the Debtor and De Jesus were married. Thus, under either Florida or Illinois law, it is clear that as of the bankruptcy filing date, the Debtor had a legal or equitable interest in the Property to which the automatic stay applies. *See In re Levenstein*, 371 B.R. 45, 48 (Bankr. S.D.N.Y. 2007) (finding that the stay applied to debtor's home, which was property of the estate because debtor had a marital interest in the property under New York Domestic Relations Law even though property was titled only in the name of non-debtor spouse). Moreover, some courts have determined that the policy and structure of the Bankruptcy Code suggest that the stay covers at least some "arguable property." *See, e.g., Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303-04 (5th Cir. 2005) ("Regardless of whether the Eastland property is ultimately held to have been

5

Mrs. Chesnut's separate property or the Chesnuts' community property, at the time that Brown foreclosed on the Eastland property, it was uncertain whether it was property of Mr. Chesnut's [bankruptcy] estate and, therefore, was arguable property....Where seized property is arguable property, it is no answer for the creditor to defend the foreclosure by claiming that the property was not properly covered by the stay."); *see also Schmidt v. U.S. Marshal Serv. (In re Maria Villarreal)*, No. 06-70358, 2007 WL 470507, at *2 (Bankr. S.D. Tex. Feb. 8, 2007) ("When property is only arguably property of the estate, the automatic stay applies.").

Under foregoing reasoning, the Debtor has established that he has an interest in the Property and that the Property is part of his bankruptcy estate.

## C. Debtor May Administer SunTrust's Claim in His Plan

Having determined that the Debtor has marital rights with respect to the Property, the next issue is whether he may administer SunTrust's claim with respect to the Property through a chapter 11 plan of reorganization despite absence of his spouse from the case.

A mortgage holder's right to payment from a debtor, whether *in personam* or *in rem*, constitutes a "claim" which may be administered by the debtor. *See Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991). The Supreme Court held in *Johnson* that the term "claim" included mortgage obligations for which a debtor's personal liability had been discharged in a prior chapter 7 bankruptcy case. *Id.* at 84. That Opinion held that a claim against the debtor need not be against the debtor personally because a claim eligible for bankruptcy treatment could consist solely of a claim against the debtor's property. *Id.*

SunTrust cites to *In re Tewell*, 355 B.R. 674 (Bankr. N.D. Ill. 2006) (Squires, J.) and *In re Threats*, 159 B.R. 241 (Bankr. N.D. Ill. 1993) (Katz, J.), arguing that these decisions support its contention that the Debtor here cannot administer the SunTrust claim because there is no debtor-creditor relationship between those parties. In *Tewell* and *Threats*, however, the chapter

6

13 debtors had obtained title to the property at issue via quitclaim deed, notwithstanding a due-on-sale clause in the note and mortgage securing the property, and they attempted to cure the mortgage default in their bankruptcy cases. There is a split of opinion among bankruptcy judges of this Bankruptcy Court as to whether a debtor who is not the original mortgagor may use a chapter 13 plan to prevent a lender from invoking its rights under a due-on-sale clause. *In re Tewell*, 355 B.R. at 680 (discussing the split of opinion). In both *Tewell* and *Threats*, the debtors who obtained real property from the original mortgagor without adhering to the due-on-sale clause were not permitted to cure the mortgage defaults through a chapter 13 plan. Such treatment of the mortgage in the plan would have amounted to an impermissible modification of the objecting mortgage holder's rights in violation of 11 U.S.C. § 1322(b)(2). *In re Tewell*, 355 B.R. at 681; *In re Threats*, 159 B.R. at 243. On the other hand, in a third case the debtor was allowed to include the mortgage in a chapter 13 plan based on a broad interpretation of the term "claim" even though the debtor was not in privity with the mortgagee and the mortgagee had alleged that the transfer of title to debtor was in violation of the due-on-sale clause. *In re Flores*, 345 B.R. 615, 617 (Bankr. N.D. Ill. 2006) (Cox, J.).

However, *Tewell, Threats* and *Flores* are not directly on point, as they addressed the specific issue of a chapter 13 debtor's treatment of a mortgage on its principal residence. In this case, § 1322(b)(2) (which prohibits debtors from modifying the rights of a secured creditor who has an interest in real property securing the debtor's principal residence) is inapplicable, and thus those earlier cited cases are not necessarily relevant. However, there is language in both *Tewell* and *Threats* that undermines SunTrust's position. In *Tewell*, while it was found that treatment of the mortgage at issue in the debtor's plan would have been an impermissible modification of the creditor's right to enforce the due-on-sale clause in violation of § 1322(b)(2), the opinion nevertheless "...questions the cases that continue to require privity between debtors and creditors

7

after the Supreme Court's decision in *Johnson*." *In re Tewell*, 355 B.R. at 681, n.7. The opinion further noted that the creditor's claim, while not *in personam* with recourse against the debtor, was *in rem* as to the property at issue, and such a right was a "claim" as defined in § 101(5) of the Bankruptcy Code. *Id.* Likewise, the opinion in *Threats* recognized that the home lender's secured claim may theoretically be modified to a limited extent pursuant to § 1322(b)(3) and (5). *In re Threats*, 159 B.R. at 243; *see also In re Tewell*, 355 B.R. at 681.

Therefore, the reasoning of those cases indicates that if a debtor meets requirements for confirming a plan under the provisions of chapter 13, his interest in the Property may be provided for in his plan of reorganization. Such reasoning could apply as well to cases under chapter 11 of the Bankruptcy Code.

**D. Standard for Relief from Automatic Stay**

Section 362(d) of the Bankruptcy Code provides two grounds under which relief from the automatic stay may be granted. The first ground is for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). The second ground is where the debtor does not have an equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). As the party requesting relief from the stay, SunTrust has the burden of proof on the issue of the Debtor's equity in the Property. *See* 11 U.S.C. § 362(g)(1). The Debtor, opposing such relief, has the burden of proof on all other issues. *See* 11 U.S.C. § 362(g)(2). The decision to modify or lift the automatic stay is within the sound discretion of the bankruptcy court. *In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995).

   **1. SunTrust Is Not Entitled to Adequate Protection Because Its Interest Is Not Declining in Value**

Adequate protection is intended to provide some form of assurance that the secured creditor will not "suffer a decline in the value of its interest in the estate's property" while the pending bankruptcy case prevents the creditor from seizing and liquidating the collateral. *In re*

8

*Addison Properties, L.P.*, 185 B.R. 766, 769 (Bankr. N.D. Ill. 1995), *citing United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 370, 108 S. Ct. 626, 98 L. Ed.2d 740 (1988). A creditor is entitled to adequate protection in chapter 11 only if the creditor's interest in the debtor's property is declining in value. *See Timbers*, 484 U.S. at 370 ("[T]he 'interest in property' referred to by § 362(d)(1) includes the right of a secured creditor to have the security applied in payment of the debt upon completion of the bankruptcy reorganization; and that that interest is not adequately protected if the security is depreciating during the term of the stay."); *see also In re Olde Prairie Block Owner, LLC*, No. 10 B 22668, 2010 WL 4512820, at *3 (Bankr. N.D. Ill. Oct. 29, 2010). The initial burden is on the secured party to demonstrate that its collateral is declining in value as a result of the automatic stay before it is entitled to adequate protection. *See In re Am. Consol. Transp. Companies*, 09 B 26062, 2010 WL 3655485, at *4 (Bankr. N.D. Ill. Sept. 10, 2010); *see also In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994) ("[E]very party seeking relief from the automatic stay under § 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof."), *citing Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990).

In this case, the subject property in which SunTrust has an interest is not declining in value during the bankruptcy. The evidence shows that the value of the Property has remained constant from 2011 through the filing of this bankruptcy case. Therefore, Debtor does not need to provide SunTrust with adequate protection, as long as it maintains the value that existed when the bankruptcy case was filed. *See Olde Prairie Block Owner*, 2010 WL 4512820, at *3. To maintain that value, the Debtor must pay any and all post-petition real estate taxes. *Id.*

## 2. Although Debtor Lacks Equity in the Property, Relief from Stay Will Be Denied if Debtor Establishes that the Property Is Necessary to an Effective Reorganization

Section 362(d)(2) would allow relief from the automatic stay should the Debtor have no equity in the Property and the Property were not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). SunTrust has the burden of demonstrating that the Debtor has no equity, and the Debtor has the burden of demonstrating that the Property is necessary to an effective reorganization. *See* 11 U.S.C. § 362(g); *Timbers*, 484 U.S. at 375. The parties have stipulated that the Debtor has no equity in the Property. Therefore, the burden is on the Debtor to demonstrate that the Property is "necessary to an effective reorganization." As articulated by the Supreme Court in *Timbers*:

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property *is essential* for an effective reorganization *that is in prospect.* This means...that there must be a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers*, 484 U.S. at 375-76 (first emphasis supplied) (internal quotation omitted); *see also In re 8th Street Village Limited P'ship*, 94 B.R. 993 (N.D. Ill. 1988) ("[E]very appellate court that has considered the issue has held the feasibility standard is the proper standard to apply....This court does not find any good reason to diverge from the circuit courts, and the majority of the district and bankruptcy courts, even if *Timbers* should be considered unbinding dictum."); *In re Mayslake Vill.-Plainfield Campus, Inc.*, 441 B.R. 309, 324 (Bankr. N.D. Ill. 2010). Furthermore, the Debtor must establish that "(1) it is moving meaningfully to propose a plan of reorganization; (2) the proposed or contemplated plan has a realistic chance of being confirmed; and (3) the proposed or contemplated plan is not patently unconfirmable." *In re 211 Waukegan LLC*, No. 11 B 13104, 2011 WL 2600698 (Bankr. N.D. Ill. June 29, 2011) (internal quotation omitted), *quoting In re Cadwell's Corners P'ship*, 174 B.R. 744, 759 (Bankr. N.D. Ill. 1994).

Here, the Debtor has timely filed a plan of reorganization, which at least facially appears to have a realistic chance of being confirmed. The Debtor proposes to fund the plan through funds available from his law practice and funds pledged by his mother, and there is no evidence at this time to indicate that the plan is patently unconfirmable. Thus, the Debtor has demonstrated that there is a reasonable possibility of a successful reorganization within a reasonable time. The analysis, however, does not end here.

The Debtor proposes (and his wife's affidavit in evidence supports Debtor's case and confirms) that the vacant lot that is the Property at issue here is intended to be developed and used as their marital residence. In determining whether this particular vacant lot is "necessary" to an effective reorganization of a chapter 11 debtor, the purpose that it will serve in a reorganization must be examined. "If Debtor resides in the house, the Court should determine whether there is suitable, affordable, alternative housing. If Debtor needs the house to produce income, the Court should examine the nexus between the house and the production of income, and determine whether the house is necessary or merely convenient situs for the production of income." *In re Egea*, 167 B.R. 226, 230 (Bankr. D. Kan. 1994) (citations omitted). For example, in *In re Leonard*, where the individual chapter 11 debtors failed to introduce any credible proof that they would be unable to obtain suitable alternative housing, the opinion concluded that debtors had failed to satisfy their burden of proving that their home was necessary to an effective reorganization, and the mortgage holder was granted relief from stay. 151 B.R. 639, 645-46 (Bankr. N.D.N.Y. 1992) (finding that individual chapter 11 debtors have "the burden of proving genuine need for the residence" and "[i]n the absence of proof that suitable alternative housing is unavailable to the debtor…the secured creditor is entitled to relief from the automatic stay").

SunTrust argues that the Debtor has failed to demonstrate that the vacant Property is "necessary" under the foregoing standard to an effective reorganization. Specifically, it contends that the intention of the Debtor and his wife to develop the Property and use it as their primary residence, does not demonstrate necessity because they already have a residence. Debtor responds that their current residence is rented. In light of the case law discussed above, the Debtor must, with evidence, expand on its necessity argument at the Plan Confirmation hearing and demonstrate that suitable alternative housing would be unavailable or that other property in the estate is not suitable for residence or development.

## CONCLUSION

For reasons discussed above, stay relief is not presently appropriate. However, the Motion has been kept alive by Order of May 17, 2013 [Docket No. 121] as a vehicle to grant SunTrust relief from stay if the Debtor does not demonstrate at the Plan Confirmation hearing that the Property is necessary to an effective reorganization.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this [ ] day of May 2013.

Case No. 12 B 48247
In re: Jesus Enrique Batista-Sanechez
Updated April 8, 2013

## CERTIFICATE OF SERVICE

I, Angela Snell, certify that on May 31, 2013, I caused to be served copies of the foregoing document to the following by U.S. Mail, and by electronic mail to those who have consented to such service.

_____
Law Clerk

## SERVICE LIST

### Electronic Service through CM/ECF System

Jesus E Batista
The Batista Law Group, PSC
Cond. Mid Town Plaza
421 Munoz Rivera Avenue, Suite 901
San Juan, PR 00918
Counsel for Debtor

Peter C Bastianen
Jose G Moreno
Codilis and Associates
15W030 N. Frontage Rd.
Suite 100
Burr Ridge, IL 60527
Counsel for SunTrust Bank, Inc.

Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604