UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Jesus Enrique Batista-Sanechez, Debtor. | Bankruptcy No. 12-48247 Chapter 11 |

## MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 8

The Debtor filed for bankruptcy relief under chapter 11. The claims bar date was designated as March 11, 2013. Creditor, SunTrust Mortgage, Inc. ("SunTrust") filed Proof of Claim No. 8 on April 17, 2013, asserting security consisting of a mortgage on property located at Lot 959 Keene's Pointe, Windermere, Florida ("the Lot 959 Property"). Debtor filed an Objection (Docket No. 136) and parties were ordered to file briefs on the legal issues presented.

Debtor objects to the Proof of Claim #9 because (1) SunTrust filed its proof of claim late and (2) the claim is unenforceable because debtor was earlier discharged in his chapter 7 bankruptcy case. (Docket No. 136.) SunTrust does not dispute that its proof of claim was filed late. Rather, it argues that the proof of claim should not be disallowed because it has a valid lien under state law, and as a secured creditor it is not required to file proof of claim. (Docket No. 173 at 3.) SunTrust also argues in the alternative that its Motion for Relief from Stay filed on January 30, 2013 should be considered an informal proof of claim. (*Id.* at 2.) For reasons stated below, SunTrust Mortgage's Proof of Claim No. 8 is disallowed.

### Undisputed Facts

Neither party in any brief requested an opportunity or need to offer evidence, and it appears that all relevant facts are undisputed.

On December 7, 2012, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. On January 30, 2013, SunTrust filed a Motion for Relief from the Automatic

1

Stay as to the Lot 959 Property. After briefing and trial on the factual issues, a Memorandum Opinion was issued, and the stay ordered to remain in effect until the Plan Confirmation hearing. (Docket No. 122.) The claims bar date was set for March 11, 2013. SunTrust filed Proof of Claim No. 8 on April 17, 2013. (Docket 173 at 2.) Further, The debt to SunTrust secured by the Lot 959 Property was scheduled as disputed in the debtor's schedules. (*Id.* at 3.)

Other undisputed facts appear in the Discussion below.

## Discussion

### A. Jurisdiction

Jurisdiction lies over this objection to proof of claim under 28 U.S.C. § 1334. It is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This matter concerns an objection to a proof of claim, and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(B). An objection to proof of claim "stems from the bankruptcy itself." and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### B. The Effect of Having a Valid State Law Lien but Late-Filed Claim

SunTrust argues that it does not matter that Proof of Claim No. 8 was filed late because it is undisputed that it has a valid *in rem* right against the Lot 959 property, and therefore its claim cannot be disallowed. (Docket No. 173 at 2.) Further, SunTrust argues that no part of its claim may be disallowed because SunTrust has made a § 1111(b) election. Batista-Sanechez argues in reply that "SunTrust confuses lien avoidance . . . and claims allowance." (Docket No. 218 at 1.) SunTrust opined in its Surreply, that its Proof of Claim cannot be disallowed *because* its lien cannot be avoided: "SunTrust's lien cannot be avoided merely because it filed its claim late. Therefore, SunTrust's secured claim cannot be disallowed merely because it filed its claim late." (Docket 238 at 5.)

SunTrust cites several authorities supporting its argument that its lien cannot be avoided. *Dewsnup v. Timm*, 502 U.S. 410 (1992); *In re Ryan*, 725 F.3d 623 (7th Cir. 2013); *Palomar v. First Am. Bank*, 722 F.3d 992 (7th Cir. 2013); *In re Tarnow*, 749 F.2d 464 (1984); *In re Hamlett*, 322 F.3d 342 (4th Cir. 2003); *In re American Skate Corp.*, 39 B.R. 953 (Bankr. D.N.H. 1984); *In re Simmons*, 765 F.3d 547 (5th Cir. 1985). However, it cites no authority as to whether its Proof of Claim may be disallowed. Rather, SunTrust argues that, "[i]t is clear that when the Bankruptcy

Code refers to an 'allowed secured claim,' it is referring to a claim that is secured under state law to the extent that there is value to support the claim." (Docket No. 238 at 5.) However, under *Dewsnup*, the meaning of "allowed secured claim" means "any claim that is, first, allowed, and second, secured." *Dewsnup v. Timm*, 502 U.S. 410, 410 (1992). In *Dewsnup*, there was "no question" as to whether the claim was allowed. *Id*. at 415. Here, whether the proof of claim may be allowed is the exact issue.

Nor is disallowance of a late filed proof of claim an "excessive punishment," as SunTrust argues. (Docket No. 238 at 5.) In *In re Penrod*, 50 F.3d 459, 463 (7th Cir. 1995) the Seventh Circuit refers to the disallowance of a late filed proof of claim in *Tarnow* as being excessive punishment. However, it is clear from *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984) that the excessive punishment would be the extinguishment of the lien, not a disallowance of the proof of claim. Indeed, *Tarnow* explicitly approved denying a late-filed proof of claim, even if it is secured:

> While no one wants bankruptcy proceedings to be cluttered up by tardy claims, the simple and effective method of discouraging them is to dismiss the claim (that is, the claim against the bankrupt estate, as distinct from the claim against the collateral itself), out of hand, because it is untimely – which was done here . . .

*Id.* at 466. Therefore, under reasoning in *Tarnow*, the late-filed proof of claim at issue here should be disallowed, but without extinguishing the lien.

C. The Informal Proof of Claim Issue

SunTrust also argues that its Motion to Lift Stay should be considered an informal proof of claim, citing a five-element test given in *Collier*. 9 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy § 3001.05[2]. However, "[t]he 'informal proof of claim' doctrine in this circuit is narrow." *In re MarchFIRST*, 448 B.R. 499, 508 (Bankr. N.D. Ill. 2011); *See In re Fink*, 366 B.R. 870 (Bankr. N.D. Ind. 2007) (providing a history of the informal proof of claim as an equitable doctrine). Indeed, the Seventh Circuit has held that a bankruptcy court does not have equitable power "to allow a late-filed proof of claim outside the exceptions contained in Rule 3002(c)." *Matter of Greening*, 152 F.3d 631, 635 (7th Cir. 1998). The *In re MarchFIRST* opinion explained that in this Circuit, the informal proof of claim "doctrine thus applies only when a creditor timely files a document that is meant as a proof of claim but is somehow defective or

3

incomplete." *MarchFIRST* at 509. Here, the purported informal proof of claim was SunTrust's Motion to Lift Stay. A motion to lift the automatic stay is not meant as a proof of claim. Rather, it is a request to proceed outside of the bankruptcy case. Therefore, SunTrust's late proof of claim is not rescued here by an earlier informal proof of claim.

### D. Consequences of Claim Disallowance

Even though Proof of Claim No. 8 is disallowed, the underlying lien is not extinguished by the mere fact of disallowance.

Section 506(d)(2) provides that, "To the extent hat a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless–(2) such claim is not an allowed secure claim due only to the failure of any entity to file a proof of such claim under section 501 of this title." § 502(d). Late filed proofs of claim are disallowed under § 502(b)(9). Therefore, it is argued that the lien should be extinguished. But that would create a nonsensical situation where a creditor loses its lien when it files a late proof of claim, but not when it files no proof of claim at all. "Liens are property rights and the forfeiture of such rights is disfavored." *Matter of Penrod*, 50 F.3d 459, 462 (7th Cir. 1995). Rather, as a Fourth Circuit opinion held,"[t]he failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien." *In re Hamlett*, 322 F.3d 342, 349 (4th Cir. 2003) (citing *Tarnow*) As the *Tarnow* court reasoned, "If an ordinary plaintiff files a suit barred by the statute of limitations, the sanction is dismissal; it is not to take away his property. And a lien is property." *Tarnow*, 749 F.2d at 466.

While SunTrust retains its lien, it loses its right to vote and to a distribution under Rule 3004(c)(2). Further, there are consequences for plan confirmation. Section 1123(a) provides that a plan "shall—(1) designate, subject to § 1122 . . . classes of claims." Section 1122(a) requires that "claims" be classified together only if they are "substantially similar" to each other. Both §§ 1122 & 1123 refer to "claims" rather than "allowed claims," so SunTrust's claim must be classified because the valid lien is a "claim," even though it is not an "allowed claim." Claims secured by different properties are not substantially similar. 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy § 1122.03[3]. Creditors having claims on the same property with different priorities should be classified separately. *Id*. at § 1122.03[3][c][i].

If SunTrust's claim secured by the Lot 959 Property is placed alone into its own class,

4

then no creditor in that class will be able to vote. Although there is a split of authority as to whether a class where nobody casts a ballot should be deemed to accept, the better view is that such a class should be deemed to reject the plan. *See In re Vista Corp.* 380 B.R. 525, 527-28 (C.D. Ill. 2008) (collecting cases). Since such a class would be deemed to reject, the plan can only be confirmed under the cramdown provisions. § 1129(b)(1). Cramdown is only possible with respect to "secured claims" – not "allowed secured claims" – if the plan provides (i) retention of any liens, (ii) a sale under § 363(k), with any liens attaching to the proceeds of the sale, or (iii) providing the class with an "indubitable equivalent." § 1129(b)(2)(A). As a result, even though SunTrust loses the right to vote its claim, its lien will still remain attached to the property with the foregoing consequences.

## Conclusion

For reasons discussed above, SunTrust Bank's Proof of Claim No. 8 will by separate order be disallowed.

ENTER

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of October, 2013.