UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

Jesus Enrique Batista-Sanechez,

Debtor.

Bankruptcy No. 12-48247

Chapter 11

# MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9

The Debtor filed for bankruptcy relief under chapter 11. The claims bar date was designated as March 11, 2013, but the Creditor, SunTrust Mortgage, Inc. ("SunTrust Mortgage") filed its Proof of Claim No. 9 late on May 28, 2013, asserting security consisting of a mortgage on property located at 6458 Lake Burden View Drive, Windermere, Florida ("the 6458 Property"). Debtor filed his Objection to Claim No. 9 (Docket No. 133) and parties were ordered to file briefs on the issues presented.

Debtor objects to Proof of Claim No. 9 because (1) SunTrust Mortgage failed to file its proof of claim by the claims bar date, (2) the claim is unenforceable because of the Debtor's earlier chapter 7 discharge, (3) the mortgage was purportedly rescinded by Debtor's notice under the Truth in Lending Act and Regulation Z ("TILA"), (4) lack of standing by SunTrust Mortgage, and (5) because the amount claimed is wrong. In his Reply Brief, Debtor claimed that the "sole issue" was whether SunTrust Mortgage had timely filed its proof of claim. (Docket No. 180 at 1.) Supplemental briefing was ordered. (Docket No. 211.) In Debtor's supplemental brief, Debtor's counsel opined that the "sole issue" language meant that timeliness was a threshold issue. (Docket No. 240 at 1-2.)

For reasons stated below, at claimant's request, SunTrust Bank is substituted for SunTrust Mortgage under Bankruptcy Rules 9014 and 7017, SunTrust Bank's Proof of Claim No. 9 will be reduced to the value of the collateral, and value of the collateral will be determined

1

based on evidence to be presented at or before a plan confirmation hearing.

## Undisputed Facts

Neither party in any brief requested an opportunity or need to offer evidence, and it appears that all relevant facts are undisputed.

On September 8, 2006, Jesus Batista – joined by Maritza De Jesus, the Debtor's non-filing spouse – executed a mortgage against the 6458 Property in favor of SunTrust Mortgage. (Docket No. 133 Exh. 1 at 8.) The Debtor subsequently obtained a Chapter 7 discharge in a bankruptcy case number 08-08519 filed in the Middle District of Florida on January 19, 2009. (Docket No. 133 Exh. 2.)

On August 28, 2009, the Debtor sent a letter to SunTrust Mortgage purporting to rescind the mortgage on the 6458 Property under the TILA. (Docket No. 174 Exh. 4.) Around January 2011, SunTrust Mortgage instituted a foreclosure action against the Debtor, which resulted in a settlement which was entered on July 31, 2012. (Docket No. 174 Exh. 5.)

On December 7, 2012, the Debtor filed a petition under chapter 11 of the Bankruptcy Code. The mortgage for the 6458 Property was originally scheduled as undisputed. The claims bar date was designated as March 11, 2013. On March 25, 2013, the Debtor filed his proposed Plan of Reorganization. (Docket No. 62.) The plan would later be amended (Docket No. 144) twice (Docket No. 159) and was eventually withdrawn on September 20, 2013. (Docket No. 234.) On May 20, 2013, SunTrust Bank filed an election to treat its entire claim as secured pursuant to § 1111(b)(2). On May 28, 2013, SunTrust Mortgage filed Proof of Claim No. 9 asserting its ownership of the mortgage on the 6458 Property. (Docket No. 216 Exh. A3.) On June 17, 2013, Debtor filed an Amended Schedule D, changing the mortgage claim as to the 6458 property to a "disputed" claim by SunTrust Bank. (Docket No. 126.)

Other undisputed facts appear in the Discussion below.

## Discussion

### A. Jurisdiction

Jurisdiction lies over the objection to proof of claim under 28 U.S.C. § 1334. It is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This matter concerns an objection to a proof of claim, and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(B).

An objection to proof of claim "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### B. Timeliness of Proof of Claim No. 9

As a threshold matter, Batista-Sanechez asserts that SunTrust Mortgage's proof of claim is invalid because it was filed late. (Docket No. 180 at 1.) By order on January 7, 2013, a claims bar date was fixed as March 11, 2013. (Docket No. 28.) SunTrust Mortgage did not file its Proof of Claim No. 9 until May 28th. (Docket No. 216 Exh. A3.) SunTrust Mortgage argues that its proof of claim was timely because Batista-Sanechez originally scheduled the claim of SunTrust Bank for $2,087,581.22 as not disputed, contingent, or unliquidated, and thus its claim was deemed to be filed pursuant to § 1111(a). However, SunTrust Mortgage and SunTrust Bank are separate entities.

SunTrust Mortgage argues that this should not matter because SunTrust Mortgage is a real party in interest in filing the proof of claim. (Docket No. 216 at 2.) But regardless of whether SunTrust Mortgage is a real party in interest, Batista-Sanechez never scheduled a claim belonging to SunTrust Mortgage. Instead, he scheduled a claim belonging to SunTrust Bank.

SunTrust Mortgage requests in its brief that SunTrust Bank be substituted as the real party in interest pursuant to Federal Rule of Civil Procedure 17(a)(3), as applied in Bankruptcy through Rule 7017. Fed. R. Bankr. P. Rule 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Rule 7017 may apply in a contested matter, because Rule 9014(c) (Fed. R. Bankr. P.) gives authority to direct that any rule that applies to adversary proceedings may be applied to contested matters. An objection to the allowance of a claim is a contested matter, subject to Rule 9014. Thus, Rule 7017 may be applied to an objection to claims allowance.

There is little question that under Rule 7017, SunTrust Bank is a real party in interest. Here, it appears that Batista-Sanechez executed a mortgage on the 6458 Property in favor of SunTrust Mortgage on Sept 8, 2008 (Docket No. 174 Exh. B at 9), the Mortgage was later assigned to SunTrust Bank on Dec. 11, 2011. (*Id.* at 22.) In the Florida mortgage foreclosure

3

case, SunTrust Bank was adjudged to be owed the same $2,087,581.22. (Docket No. 216 Exh. A2.) In any case, even before the claim was filed, SunTrust Bank already had a claim for the same debt because it is deemed to have filed a proof of claim pursuant to § 1111(a), which provides that, "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." As earlier noted, Debtor originally scheduled the secured claim of SunTrust Bank as not disputed, contingent, or unliquidated.

Debtor argues that SunTrust's claim should not be deemed filed under § 1111(a) because Debtor later amended its Schedule D to list SunTrust's claim against the 6458 Property as "disputed." This argument is without merit. A creditor may rely on wording of a notice of claims filing deadline when that notice excepts certain creditors from the requirement to file a proof of claim. *In re Candy Braz, Inc.*, 98 B.R. 375, 380 (Bankr. N.D. Ill. 1988). Here, the Notice to Creditors (Docket No. 29) included a footnote that provided that "Under 11 U.S.C. § 1111(a), a claim may be deemed filed if it appears in the debtor's schedules of debt, unless scheduled as disputed, contingent, or unliquidated." *Candy Braz* at 380. As was the case in *Candy Braz*, "[t]he notice used in this case would lead claimants whose claims were not scheduled as disputed, contingent, or unliquidated to reasonably conclude that they need not file proofs of claim as their claims would be deemed allowed under section 1111(a)." *Id*. Subsequent filing of an Amended Schedule D cannot have retroactive effect of denying a creditor of a right that has accrued.

Therefore, SunTrust Bank may be substituted for SunTrust Mortgage and the SunTrust Bank is deemed to be the claimant. In the following discussion, "SunTrust" shall refer to SunTrust Bank, even though the briefing refers to SunTrust Mortgage.

C. The Effect of Batista-Sanechez's Prior Discharge

Bankruptcy Code Section 502(b)(1) disallows a claim against the Debtor to the extent that "such claim is unenforceable against the debtor and property of the debtor. That provision thereby prohibits a creditor holding nonrecourse claims (which is the case here since debtor's debt was discharged in his chapter seven bankruptcy) from asserting claims against an individual Chapter 11 Debtor beyond the value of its collateral. *In re Bloomingdale Partners*, 155 B.R. 961, 969 (Bankr. N.D. Ill. 1993).

4

It does not matter that SunTrust has purported to file an § 1111(b)(2) election. Such an election can only be made by "the class of which such claim is a part." § 1111(b)(1)(A)(i). Classes of creditors exist when creditors have been classified in a plan. In the claims allowance context, a claim is not necessarily part of any class, especially when (as here) no plan is presently on file. Whether an § 1111(b)(2) election has been made, or its possible legal effects, are therefore irrelevant in the resolution of this motion.

As a result, SunTrust's claim should only be allowed to the extent of the value of its collateral. As scheduled by the debtor, the collateral is valued at $720,000. SunTrust has provided an appraisal, valuing the property at $960,000. (Docket No. 216 Exh. D at 2.) The exact value of the property need not be determined until a plan, once filed, is set for confirmation hearing.

### D. The Effect of Batista-Sanechez's "Recision" of the Loan Agreement

Batista-Sanechez further argues that SunTrust's claim is unenforceable because the subject mortgage was rescinded under TILA, 15 U.S.C. § 1635, Regulation Z § 226.23. (Docket No. 133 at 4) SunTrust responds that the assertion of a purported TILA recision is barred by *res judicata* and the *Rooker-Feldman* doctrine. (Docket No. 174 at 3.)

SunTrust argues that denying the proof of claim would be a "de-facto reversal of the State Court Summary Judgment of Foreclosure. . ." that was entered by a Florida court. (Docket No. 216 at 4.) Regarding the proper scope of the *Rooker-Feldman* doctrine, the Seventh Circuit has held:

> The *Rooker–Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*GASH Associates v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993). Here, the allowance or disallowance of a proof of claim would not affirm or set aside a state court judgment. Rather, allowance or disallowance of a proof of claim only affects how that state court judgment is treated in the bankruptcy case. Indeed, many actions by a bankruptcy court, even as basic as the grant of a discharge, might have the effect of overturning a state court judgment but

5

are not barred by Rooker-Feldman. Thus, Rooker-Feldman does not apply.

Rather, the proper analysis is under *res judicata*. Under the Full Faith and Credit Statute, a federal court gives the state court judgment the same effect the as the rendering state would. 28 U.S.C. § 1738; *See GASH Associates v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993). Here, Batista-Sanechez is objecting to a proof of claim under § 502(b)(1) of the Bankruptcy Code. The question of whether the purported TILA recision was effective might have been a legal conclusion that the state court could have reached in a case in which he was a party. Under Florida preclusion law, *res judicata* requires "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004). "Courts properly look not only to the claims actually litigated in the first suit, but also to every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *AMEC Civil, LLC v. State, Dep't of Transp.*, 41 So. 3d 235, 239 (Fla. Dist. Ct. App. 2010) (quotations omitted, alteration in the original). In addition, the prior ruling must be on the merits. *Topps*, 865 So. 2d at 1255. "The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984). In order to determine if there is identity of cause of action, "a court looks not only at the causes of action actually raised in the first suit, but also at " 'every other matter which the parties might have litigated and had determined. . ." *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 523 (Fla. Dist. Ct. App. 2005). Here, there is identity of the thing sued for because Batista-Sanechez is asserting the same TILA recision claim about the same loan, which would be decided on the same facts or evidence.

"Identity of the persons and parties to the action" is satisfied even when a successor in interest sues instead of the original party in the action. *Gomez-Ortega v. Dorten, Inc.*, 670 So. 2d 1107, 1108 (Fla. Dist. Ct. App. 1996) (applying *res judicata* when secondary purchasers brought suit instead of the original party). An assignee "is entitled to all the beneficial interests, rights and remedies of the assignor." *Rhyne v. Miami-Dade Water & Sewer Auth.*, 402 So. 2d 54, 55 (Fla. Dist. Ct. App. 1981).

Identity of the "quality of persons" means that the party "must not only appear as a party

in both cases, but must appear in both in the same capacity or character." *McGregor v. Provident Trust Co. of Philadelphia*, 119 Fla. 718, 733 (1935). Here, Batista-Sanechez appears as debtor in possession of his bankruptcy estate. As debtor in possession, he succeeds to any cause of action that he personally owned prior to the bankruptcy. § 1107(a), § 323(a), § 541(a)(1).

Under Florida law, "a voluntary dismissal with prejudice operates as an adjudication on the merits, barring a subsequent action on the same claim." *Capital Bank v. Needle*, 596 So. 2d 1134, 1136 (Fla. Dist. Ct. App. 1992). Here, the state foreclosure case, 09-CA-023865, record supplied by the parties shows:

1. A counterclaim by Batista-Sanechez against SunTrust Bank alleging a violation of TILA and Regulation Z because of an "over-escrow" for county taxes of $25,783.29, a $650 appraisal fee, and another $80 fee. (Docket No. 216 Exh. C1 at 5.)
2. A Stipulation and Settlement Agreement stating that "Any counterclaims asserted by [Batista-Sanechez] in connection with this litigation shall be dismissed with prejudice upon the execution of this Agreement." (Docket No. 174 Exh. E at 2.)
3. A Motion to Enforce Settlement Agreement and for Attorneys Fees and Costs by SunTrust Bank asking for an order ratifying that Batista-Sanechez's "counterclaim was to be dismissed with prejudice upon the execution of the Agreement," with the stipulation attached as an exhibit. (*Id.* Exh. F at 4.)
4. An Order on Plaintiff's Motion to Enforce Settlement Agreement and for Attorney's Fees and Cots [sic], which provides that Batista-Sanechez's "Counterclaim is hereby DISMISSED with prejudice" (Id. at 2.)

Batista-Sanechez's TILA defense asserted to Claim No. 9 here is based on the same assertion of "over-escrow" of $25,783.29 that was the basis of a counterclaim in the state foreclosure proceeding. (Docket No. 214, Exh. A at 1.) That counterclaim was voluntarily dismissed with prejudice, which under Florida state law has *res judicata* effect. Therefore, Debtor is barred by *res judicata* from raising the issue again in here in opposition to Claim No. 9.

### D. SunTrust Mortgage's Standing

Batista-Sanechez also argues that Suntrust Mortgage does not have standing to assert a proof of claim against the estate. That argument is moot because of the substitution of SunTrust Bank for SunTrust Mortgage, *supra*.

E. Asserted Amount Error

Batista-Sanechez further argues that SunTrust's proof of claim is overstated by $30,000. The discrepancy is between $2,087,581.22, the amount scheduled, and $2,117,699.09, the amount on SunTrust's Proof of Claim. However, this dispute regards the amount of the debt Batista-Sanechez owes to SunTrust, not the value of the property. This argument is moot because the claim will be reduced to the value of the property, *supra*. Also, Debtor did not seek to offer evidence disputing the claim amount. A claim is deemed valid as to the amount claimed unless evidence contradicts that claim. Rule 3001(f).

## Conclusion

For reasons discussed above, SunTrust Bank will by separate order be substituted for SunTrust Mortgage as claimant. The amount to be allowed on SunTrust Bank's Proof of Claim No. 9 will be value of the collateral, to be determined by future hearing.

ENTER

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of October, 2013.