UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **JESÚS E. BATISTA SÁNCHEZ**, | CASE NO. 12-48247 |
| DEBTOR. | HON. JACK B. SCHMETTERER |

### NOTICE OF SECOND AND FINAL APPLICATION FOR COMPENSATION OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. AS COUNSEL FOR THE DEBTOR AND HEARING THEREON

**Please take notice** that on June 23, 2014, undersigned filed the Second and Final Application for Compensation of The Law Office of William J. Factor, Ltd., and William Factor (collectively, "*FactorLaw*"), as Attorney for the Debtor (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, FactorLaw seeks a final award of compensation in the amount of $30,265.00 and reimbursement of expenses in the amount of $25.91, for the period of September 1, 2013 through May 23, 2014, as well as final approval of previously approved interim fees, in the amounts of $20,940.00.

**Please take further notice** that a hearing to consider the Application will be held before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **July 17, 2014 at 10:00 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: June 23, 2014          THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.,


                              By: /s/ Sara E. Lorber

{00013095}

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-0977
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        slorber@wfactorlaw.com
        dholtkamp@wfactorlaw.com

## CERTIFICATE OF SERVICE

  I, Sara E. Lorber, an attorney, hereby certify that on June 23, 2014, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the *Notice of Second Interim Application for Compensation of William J. Factor and The Law Office of William J. Factor Ltd., as Counsel to the Debtor and Hearing Thereon* and the *First Interim Application for Compensation of William J. Factor and The Law Office of William J. Factor Ltd., as Counsel to the Debtor* to be served (a) upon the Registrants identified on the below Service List through the Court's Electronic Notice for Registrants, and (b) upon all creditors without an appearance in the case (as identified on the attached Service List) via U.S. Mail.

                /s/ Sara E. Lorber

# SERVICE LIST

**Registrants in the Case**

(Service of Application and Notice via ECF)

| | |
|---|---|
| Peter C Bastianen | ND-Four@il.cslegal.com |
| Jesus E Batista | jesus.batista@batistalawgroup.com |
| Ross T Brand | rbrand@fisherandshapirolaw.com, bk_il_notice@fisherandshapirolaw.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com; gsullivan@wfactorlaw.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, gsullivan@wfactorlaw.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Sara E Lorber | slorber@wfactorlaw.com, nb@wfactorlaw.com, gsullivan@wfactorlaw.com |
| Jose G Moreno | nd-one@il.cslegal.com |

**Non-Registrant Creditors and Parties-in-Interest**
(Service via U.S. Mail)

| | |
|---|---|
| ACS<br>PO BOX 7051<br>Utica, NY 13504-7051 | Maritza De Jesus<br>URB Villas Reales<br>403 Via Versalles<br>Guaynbo, PR 00969-5342 |
| ACS/ACCESS GROUP<br>501 BLEECKER ST.<br>Utica, NY 13501-2401 | ONLINE COLLECTIONS<br>P.O. BOX 1489<br>Winterville, NC 28590-1489 |
| ARUTHURN DREW RUBIN, ESQ.<br>4417 BEACH BLVD. #400<br>Jacksonville, FL 32207-4732 | CUSTOMER SERVICE DIVISION<br>9150 CURRY FORD RD.<br>Orlando, FL 32825-7600 |
| BANK OF AMERICA<br>BANKRUPTCY - MC:NCA-105-03-14<br>PO BOX 26012<br>Greensboro, NC 27420-6012 | Orange County Tax Collector<br>200 S. Orange Ave. 1500<br>Orlando, FL 32801-3438 |
| BAYVIEW LOAN SERVICES<br>BANKRUPTCY DEPT.<br>4425 PONCE DE LEON BLVD, 5TH FLOOR<br>Miami, FL 33146-1837 | PAUL T. HINCKLEY, ESQ.<br>150 N. WESTMONTE DRIVE<br>Altamonte Springs, FL 32714-3342 |

| | |
|---|---|
| BUSINESS REVENUE SYSTEM<br>P.O. BOX 8986<br>Fort Wayne, IN 46898-8986 | RMB, INC.<br>P.O. BOX 2698<br>Knoxville, TN 37901-2698 |
| CAPITAL ONE<br>CAPITAL 1 BANK<br>P.O. BOX 30285<br>Salt Lake City, UT 84130-0285 | RONALD R. WOLFE &<br>ASSOCIATES, PL<br>C/O WILLIAM A. MALONE, ES<br>P.O. BOX 25018<br>Tampa, FL 33622-5018 |
| CBRE<br>135 W. CENTRAL BLVD.,<br>SUITE 480<br>Orlando, FL 32801-2478 | THE BANK OF NEW YORK MELLON<br>Attn: Bankruptcy Department<br>4425 Ponce De Leon Boulevard<br>4th Floor<br>Coral Gables, FL 33146-1837 |
| CHASE BANK USA<br>1 CHASE SQ.<br>Rochester, NY 14643-0001 | The Residences at 41 East Eight St.<br>Management Office<br>41 E. 8th Street, 6th Floor<br>Chicago, IL 60605-2168 |
| CLAYTON & MCCULLOH<br>1065 MAITLAND CENTER<br>COMMONS BLVD.<br>Maitland, FL 32751-7437 | US Bank National Association,<br>As Trustee for Starm 2007-3<br>9062 Old Anapolis Rd<br>Columbia, MD 21045-2479 |
| Capital One Capital 1 Bank<br>POB 30285<br>Salt Lake City, UT 84130-0285 | WEAN & MALCHOW<br>C/O ERIN A. ZEBELL, ESQ.<br>646 E. COLONIAL DR.<br>Orlando, FL 32803-4603 |

| | |
|---|---|
| Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Ziani at La Vina HOA<br>c/o Hara Management, Inc<br>931 S. Semoran Blvd #214<br>Winter Park, FL 32792-5317 |
| Cook County Property Tax Collector<br>118 North Clark<br>Room 112<br>Chicago, IL 60602-1332 | Ziani at Lavina Homeowners Association, Inc<br>Wean & Malchow P.A.<br>646 E Coonial Drive<br>Orlando, FL 32803-4603 |
| DEPARTAMENTO DE HACIENDA BANKRUPTCY SECTION,<br>SUITE 1504<br>235 AVE. ARTERIAL HOSTOS<br>San Juan, PR 00918-1451 | HARRIS BANK<br>BY MERGER FROM M&I BANK<br>770 N. WATER STREET - BRK-180-RC<br>Brookfield, WI 53005 |
| FASSETT, ANTHONY & TAYLOR, PA<br>1325 WEST COLONIAL DR.<br>Orlando, FL 32804-7133 | Harris Bank<br>By Merger From M&I Bank<br>111 W Monroe, 8C<br>Chicago, Il 60603-4096 |
| FISHER & SHAPIRO, LLC<br>2121 WAUKEGAN #301<br>BANNOCKBURN, IL 60015-1831 | IRMA CORPORATION/IRMA ENTERPRISES<br>C/O TODD M. HOEPKER, P.A.<br>P.O. BOX 32802-3311<br>Orlando, FL 32802 |
| GREEN TREE SERVICING<br>P.O. BOX 6172<br>Rapid City, SD 57709-6172 | Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 |
| Green Tree Servicing LLC<br>7340 S. Kyrene Rd<br>Recovery Dept T120<br>Tempe, AZ 85283-4573 | Irma Corporation<br>C/O Todd M Hoepker, Esquire<br>P O Box 3311<br>Orlando, FL 32802-3311 |

{00013095}                    7

| | |
|---|---|
| LAW OFFICES OF MARSHALL C. WATSON<br>C/O JALINE FENWICK, ESQ.<br>1800 NW 49TH STREET; SUITE 120<br>Fort Lauderdale, FL 33309-3092 | JPMORGAN CHASE BANK, N.A.<br>C/O CT CORPORATION (FL), R.A.<br>1200 S. PINE ISLAND RD<br>PLANTATION, FL 33324-4413 |
| Lake Nona Estates Community Assoc.<br>9801 Lake Nona Rd<br>Orlando, FL 32827-7017 | Jesus E. Batista Sr<br>Condominio Atrium Park #27<br>Calle Regina Mediana; Apt B107<br>Guaynabo, PR 00969-6012 |
| MARSHALL & ILSLEY BANK<br>770 N. WATER STREET<br>Milwaukee, WI 53202-0002 | Keene's Point Hoa<br>HOA Office<br>9757 Carillon Park Drive<br>Windermere, FL 34786 |
| MATTHEW J. GOLDBERG<br>555 SKOKIE BLVD. #500<br>Northbrook, IL 60062-2845 | Clayton & McCulloh<br>1065 Maitland Center Commons Blvd<br>Maitland, FL 32751-7437 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **JESÚS E. BATISTA-SÁNCHEZ**, | CASE NO. 12-48247 |
| DEBTOR. | HON. JACK B. SCHMETTERER |

## SECOND AND FINAL APPLICATION FOR COMPENSATION OF WILLIAM J. FACTOR AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. AS COUNSEL FOR THE DEBTOR

By this Application, The Law Office of William J. Factor, Ltd. And William J. Factor (collectively, "*FactorLaw*") seek an order of this Court: (a) allowing and awarding FactorLaw on a final basis fees in the amount of $30,165 for professional services rendered by FactorLaw as counsel for Jesús E. Batista-Sánchez (the "*Debtor*"), and reimbursement of actual and necessary expenses in the amount of $25.91 incurred on behalf of the Debtor during the period of September 1, 2013 through May 23, 2014 (the "*Application Period*"); and (b) awarding on a final basis the compensation of $20,940 allowed to FactorLaw on an interim basis pursuant to Order of the Court dated November 21, 2013.

FactorLaw makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

### JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## I. Case background and first interim fee application.

4. On December 7, 2012 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Case*"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate and manage his financial affairs as debtor-in-possession. No trustee, examiner, or committee has been appointed in the Case.

5. The Debtor filed the Case *pro se*, although he is a practicing attorney that specializes bankruptcy law, with a special emphasis on chapter 7 and chapter 13 proceedings.

6. Because the Debtor's law practice is primarily focused in Puerto Rico, and the Debtor was therefore required to spend a considerable amount in Puerto Rico, the Debtor sought to retain counsel located in Chicago to assist him in this Case.

7. On May 17, 2013, the Court entered an order granting the Debtor's application to employ FactorLaw, effective as of May 1, 2013.

8. On October 30, 2013, FactorLaw filed a first interim application for compensation and reimbursement of expenses. *See* Dkt. No. 265.

9. On November 21, 2013, the Court entered an order allowing FactorLaw on an interim basis compensation in the amount of $20,940 and for the period of May 1, 2013 through August 31, 2013 (the "*Interim Compensation*") and authorizing the Debtor to pay the Interim Compensation. *See* Dkt. No. 293.

10. FactorLaw has been paid the Interim Compensation.

II. **Summary of services rendered by FactorLaw.**

11. This Application is the second application for compensation and expense reimbursement that FactorLaw has filed in the Case. The fees for services (the "*Services*") provided by FactorLaw during the Application Period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 1.4 | $490 |
| Sara E. Lorber | Partner | $300 | 84.4 | $25,320 |
| David P. Holtkamp | Associate | $250 | 13.5 | $3,375 |
| Samuel Rodgers | Paralegal | $100 | 11.4 | $1,080[1] |
| | | **Totals:** | **110.70** | **$30,265** |

12. The Firm maintains contemporaneous written records of the time expended by its professionals.

13. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

III. **Breakdown of Fees by Category of Services Rendered.**

14. For the Court's reference, FactorLaw has categorized the Services it provided to the Debtor into the following categories: (a) Case Administration, (b) Plan and Disclosure Statement, (c) Claim Objections, (d) Lift Stay Motions, and (e) Fee Application.

---

[1] As detailed herein, FactorLaw voluntarily wrote off .6 of Mr. Rodgers' time.

{00013095}                                3

A.  Case Administration (Exhibit A-1)

15. During the Application Period, FactorLaw expended 14.1 hours with a value of $3,550, on behalf of the Debtor on matters relating to administration of the case. The Services in the category include, but are not limited to: (a) preparing for and attending hearings involving multiple matters; and (b) consulting and advising Debtor regarding items that need to be completed in the Case moving forward.

16. A breakdown of the professionals providing Services in this category is as follows.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 11 | $3,300 |
| Samuel Rodgers | Paralegal | $100 | 3.1 | $250 |
| | | Totals: | 14.1 | $3,550.00 |

17. FactorLaw voluntarily wrote off .6 of Mr. Rodgers' time in this category.

B.  Plan and Disclosure Statement (Exhibit A-2)

18. During the Application Period, FactorLaw expended 80.1 hours with a value of $22,500 in connection with the plan process. The Services in this category include, among other things: (a) formulating the amended plan structure in consultation with the Debtor and other interested parties; (b) preparing and prosecuting motion to extend the time to file a plan and disclosure statement; (c) preparing and revising amended plans and disclosure statements and appear in court for hearings on same; (d) negotiating with creditors regarding plan objections; and (e) attending the hearing on approval of the disclosure statement and confirmation of the fourth amended plan of reorganization.

19. A breakdown of the professionals providing Services in this category is as follows:

{00013095}                                          4

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 1.4 | $490 |
| Sara E. Lorber | Partner | $300 | 64.7 | $19,410 |
| David P. Holtkamp | Associate | $250 | 8 | $2,000 |
| Samuel Rodgers | Paralegal | $100 | 6 | $600 |
| | | **Totals:** | **80.10** | **$22,500.00** |

### C. Claims Objections (Exhibit A-3)

20. During the Application Period, FactorLaw expended 4.6 hours with a value of $1,335, in connection with claims objections. The Services in this category include, among other things: (a) prosecuting objections to proof of claims filed by the Debtor; and (b) negotiating with creditors regarding same.

21. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 3.7 | $1,110 |
| David P. Holtkamp | Associate | $250 | .9 | $225 |
| | | **Totals:** | **4.6** | **$1,335** |

### D. Lift Stay Motions (Exhibit A-4)

22. During the Application Period, FactorLaw expended 2.7 hours with a value of $810 in connection with lift stay motions filed by the SunTrust entities and Keene's Pointe. The Services in this category included primarily attending hearings

{00013095}                                    5

on the motions and negotiating the resolution of the motions as part of the confirmation process.

23. Ms. Lorber provided all of the Services in this category.

### E. Professionals (Exhibit A-5)

24. During the Application Period, FactorLaw expended 9.2 hours with a value of $2,070 in connection with the preparation and prosecution of FactorLaw's first interim fee application.

25. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 2.3 | $690 |
| David P. Holtkamp | Associate | $250 | 4.6 | $1,150 |
| Samuel Rodgers | Paralegal | $100 | 2.3 | $230 |
| | | **Totals:** | **9.2** | **$2,070** |

### IV. Expenses

26. FactorLaw incurred postage expenses of $25.91 in connection with sending a copy of the order confirming the fourth amended plan of reorganization to all creditors and parties in interest (the "*Expenses*").

## DISCUSSION

### I. The Firm's fees are reasonable and should be allowed.

27. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such

{00013095}                              6

> services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

28. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord *In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

29. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

30. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

{00013095}                                             7

31. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is $292.90. This average rate is fair and reasonable in light of the Services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by FactorLaw is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## II.   EXPENSE REIMBURSEMENT STANDARDS

32. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

33. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

34. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and FactorLaw respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

## NO PRIOR REQUEST

35. No prior request for the relief requested by this Application has been made to this Court or any other court.

WHEREFORE, FactorLaw respectfully requests that the Court enter an Order (a) allowing and awarding FactorLaw on a final basis (i) fees in the amount of $30,165 and reimbursement of expenses in the amount of $25.91 incurred during the Application Period, and (ii) the Interim Compensation of $20,940, for a total combined final award of fees in the amount of $51,105 and expenses in the amount of $25.91, and granting such other and further relief as this Court deems just and appropriate.

Dated: June 23, 2014                    **WILLIAM J. FACTOR AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**


                                        By: /s/ Sara E. Lorber
                                        One of His Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-0977
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        slorber@wfactorlaw.com
        dholtkamp@wfactorlaw.com

{00013095}                              9