UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

In re:                                                                                          Case No. 12-48247

JESUS ENRIQUE BATISTA SANCHEZ                              Chapter 11

        Debtor

_____/

## MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE

NOW COMES **JESUS ENRIQUE BATISTA SANCHEZ**, the reorganized debtor ("Debtor"), by and through his counsel, with his Motion for Final Decree and to Close Bankruptcy Case ("Motion") and in support thereof states as follows:

### Background

1. On December 7, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtor has been managing his assets as Debtor and a Debtor in Possession.

2. The Debtor has been engaged in the business of real estate investment, development and management since 1998. Additionally, the Debtor is an Illinois licensed attorney and is the sole owner of the Batista Law Group, PSC, which maintains an office at 420 Avenue Ponce de Leon Condominio Midtown Suite 901 San Juan, PR 00918.

3. From 2004 to 2008 the Debtor, through an entity called Kasa Development, successfully developed high-end luxury homes in the Central Florida Region. Commencing in the summer of 2007, the economic downturn hit the Central Florida real estate market particularly hard. By the end of 2007, the Debtor's real properties were severely devalued and for all practical purposes not saleable. Unable to sell his real estate investments, the Debtor lacked the cash-flow necessary to service the secured debt on those assets. By 2008 the Debtor had defaulted on the secured debt and eventually, this Bankruptcy Case ensued.

4. On May 8, 2014, the Court entered an Order (the "Confirmation Order") confirming the Fourth Amended Plan of Reorganization of Jesus E. Batista Sanchez (the "Plan").

5. The Plan classified claims and interests into the following classes:

(i) Class 1  Priority Tax Claims

(ii) Class 2  Allowed Secured Claim of Keene's Point HOA

(iii) Class 3  Allowed Secured Claim of SunTrust Bank

(iv) Class 4  Allowed Secured Claim of Chase Bank

(v) Class 5  Allowed Secured Claim of Orange County Tax

(vi) Class 6  Allowed Secured Claim of Lake Nona HOA

(vii) Class 7  Allowed Secured Claim of Ziani at La Vina HOA

(viii) Class 8  Allowed Secured Claim of SunTrust Bank (Oak Quarry Property)

(ix) Class 9  Allowed Secured Claim of SunTrust Mortgage (Lanai View Property)

(x) Class 10  Allowed Secured Claim of BONY (8th Street Property)

(xi) Class 11  Allowed Secured Claim of Green Tree

(xii) Class 12  Allowed Non-Dischargeable Unsecured Claims of ACS

(xiii) Class 13  Allowed General Unsecured Claim

(xiv) Class 14  Allowed Unsecured Non-Recourse Deficiency Claims

(xv) Class 15  The Harris Bank Claim

(xvi) Class 16  The SunTrust Mortgage Claim

(xvii) Class 17  The Keene's Point HOA

(xviii) Class 18  Unsecured Post-Petition Non-Administrative Expense Claim, and

(xix) Class 19 Equity Interests

6. The Effective Date of the Plan occurred on the 15th day after the Confirmation

Order became a final order, which was May 23, 2014. The Plan required that the Debtor make the following payments after the Effective Date (collectively, the "Plan Payments"):

| Class | Creditor | Amount of Payment | First Payment Due |
|---|---|---|---|
|  | **Administrative Claims:** |  |  |
|  | (a) Administrative Course Claims | $0.00 | 15th Day After Date Such Claim is Allowed[1] |
|  | (b) Bony Allowed Administrative Claim, | $8,274.87 | Months 3 through 6 of the Plan |
|  | (c) Keene's Point HOA Administrative Claim | $7,426.77 | 6th Month of the Plan |
| Class 1 | Priority Tax Claims | $980.00 | 7th Month of the Plan |
| **Class 2** | **Allowed Secured Claim of Keene's Point** | **$431.54** | **1st Month of the Plan** |
| **Class 3** | **Allowed Secured Claim of SunTrust Bank** | **$4,000.00** | **1st Month of the Plan** |
| Class 4 | Allowed Secured Claim of Chase Bank | See Class 13 |  |
| Class 5 | Allowed Secured Claim of Orange County Tax | $365.00 | 19th Month of the Plan |
| Class 6 | Allowed Secured Claim of Lake Nona HOA | $380.00 | 19th Month of the Plan |
| Class 7 | Allowed Secured Claim of Ziani at La Vina HOA | $146.00 | 19th Month of the Plan |
| Class 8 | Allowed Secured Claim of SunTrust Bank (Oak Quarry Property) | See Class 13 |  |
| **Class 9** | **Allowed Secured Claim of SunTrust Mortgage (Lanai View Property)** | **$1095.00** | **1st Month of the Plan** |
| **Class 10** | **Allowed Secured Claim of BONY (8th Street Property)** | **$949.38** | **1st Month of the Plan** |
| Class 11 | Allowed Secured Claim of Green Tree | See Class 13 |  |
| Class 12 | Allowed Non-Dischargeable Unsecured Claims of ACS | $500.00 | 19th Month of the Plan |
| Class 13 | Allowed General Unsecured Claim | $13,865.00 | 60th Month of the Plan |
| Class 14 | Allowed Unsecured Non-Recourse Deficiency Claims | $18,000.00 | 60th Month of the Plan |
| Class 15 | The Harris Bank Claim | Not Allowed Claim |  |
| Class 16 | The SunTrust Mortgage Claim | Not An Allowed Claim |  |
| Class 17 | The Keene's Point HOA | $24,082.23 | (a) $2500.00 on Month #6, and (b) $21,582.23 on or before Month #36 |
| Class 18 | Unsecured Post-Petition Non-Administrative | See |  |

---

[1] Through this date, July 10, 2014, no such "Other Administrative Claim" has been allowed, although Counsel of Record, The Law Office of William J. Factor, LLD., has a Fee Application Motion pending before the Honorable Court. Debtor expects to reach an agreement with Counsel of Record for the payment of any allowed Fee Application in accordance with the terms of the Plan.

| | Expense Claim | | Administrative Claims | |

7.    Per the Plan, as detailed above, payments on Class 2, 3, 9, and 10 have come due since the Effective Date. The Debtor has made all Plan Payments which have come due since the Effective Date. *See*, **Exhibit A – Chart of Payments Which Have Been Made**. Additionally, no motions, adversary proceedings, or objections to proof of claims are either pending or expected. All payments due to the U.S. Trustee have been or shall be paid in full prior to the hearing on the Motion. As a result, the Plan has been substantially consummated.

## Relief Sought

8.    By this Motion, the Debtor seeks the entry of a Final Decree and Order closing this bankruptcy case.

## Discussion

9.    Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy case once it has been fully administered. 11 U.S.C. §350(a) ("After an estate is fully administered ... the court shall close the case."). Bankruptcy Rule 3022 implements Section 350(a) in the context of a chapter 11 reorganization. *See*, Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.").

10.    The term "fully administered" is not defined in the Bankruptcy Code. "At one extreme, an estate can be fully administered when a Chapter 11 plan is confirmed and the estate dissolves.... At the other extreme, an estate can be fully administered when all that is called for under a plan occurs." In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Several courts have held that a case is fully administered and may be closed even though the reorganized debtor has not completed all payments to creditors. *See* e.g., In re D&L Nicolaysen, 228 B.R. 261 (Bankr. E.D. Ca. 1998); In re Jay Bee Enterprises, Inc., 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) ("[Rule 3022] does not require that a Chapter 11 case be kept open until all

awarded fees and allowed claims have been paid in accordance with the confirmed plan ...").

12. To assist courts in deciding whether a case is substantially administered, there are six non-exclusive factors. In re Rebel Rents, Inc., 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005); In re Jay Bee Enterprises, Inc., 207 B.R. at 538. Not all of these factors need to exist before a court may enter a final decree; these factors only serve as a guideline. *See e.g.,* In re Mold Makers. Inc., 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting . . . in its decision to close a case."). The six factors are:

1. Whether the order confirming the plan has become final;

2. Whether deposits required by the plan have been distributed;

3. Whether the property proposed by the plan to be transferred has been transferred;

4. Whether the debtor has assumed the business or management of the property dealt with by the plan;

5. Whether payments under the plan have commenced; and

6. Whether all motions, contested matters and adversary proceedings have been resolved.

13. In this case, each of the factors has been satisfied. First, the Confirmation Order is final. Second, the Debtor has made all deposits required to finish construction at 6458 Lake Burden View Dr., Windermere, Florida. Through this date, the Debtor has deposited close to $30,000.00 to complete this construction. Third, the Debtor has secured the transfer of the Oak Quarry Property as required under the Plan. Fourth, the Debtor has assumed the management of the real estate development business. Specifically, since the Effective Date the Debtor has successfully leased the Oak Quarry Property, the Lake Burden View Property[2], and the 41 E. 8th Street Property. Fifth, as detailed in the attached **Exhibit A**, all payments required

---

[2] The lease on the 6458 Lake Burden View Property becomes effective on July 18, 2014.

under the Plan have commenced. Finally, all pending motions have been resolved and no other motions[3], adversary proceedings, or objections to proof of claims are either pending or expected. Accordingly, a final decree should be entered and the bankruptcy case should be closed.

### Notice

14. Notice of this Motion for Final Decree has been provided to (i) the United States Trustee; (ii) all of the Debtor's creditors; (iii) the Taxing Authorities; and (iv) all other parties in interest who have requested notice in this case.

### Conclusion

**WHEREFORE**, the Reorganized Debtor respectfully requests that this Court enter an Order: (a) authorizing the entry of a final decree closing this case pursuant to Bankruptcy Code section 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure; (b) approving the notice provided; and (d) granting the Debtor such other and further relief as may be appropriate.

Dated: July 10, 2014

Prepared by Counsel of Movant:

**THE BATISTA LAW GROUP, PSC.**
/s/ Jesus E. Batista Sanchez, 227014
Counsel for Debtor
Condominio Mid-Town Center
420 Ave. Juan Ponce De Leon; Suite #901
San Juan, PR. 00918
Telephone: (787) 620-2856
Facsimile: (787) 777-1589 & (787) 625-0259

E-mail: jesus.batista@batistalawgroup.com

---

[3] Counsel of Record's Fee Application is pending and should be resolved July 17, 2014. No objections have been filed and no objections are expected.

5